IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KVAERNER U.S. INC.,                             )<br>                                                 )<br>            Plaintiff,                          )        2:06-cv-403<br>                                                 )<br>     v.                                         )<br>                                                 )<br>KEMPER ENVIRONMENTAL LIMITED,                    )<br>CONTINENTAL CASUALTY COMPANY,                    )<br>SR INTERNATIONAL BUSINESS                        )<br>INSURANCE COMPANY, LTD, XL                       )<br>EUROPE INSURANCE, XL INSURANCE                   )<br>COMPANY LTD,INTERNATIONAL                        )<br>INSURANCE COMPANY OF HANNOVER                    )<br>LIMITED, GERLING-KONZERN                         )<br>ALLGEMEINE VERSICHERUNGS-AG,                     )<br>CHUBB INSURANCE COMPANY OF                       )<br>EUROPE, LEXINGTON INSURANCE                      )<br>COMPANY,                                         )<br>            Defendants,                         )<br>     v.                                         )<br>                                                 )<br>LIBERTY INTERNATIONAL CANADA,                    )<br>LEXINGTON INSURANCE COMPANY, and                 )<br>BRADLEY ARANT ROSE & WHITE, LLP,                 )<br>                                                 )<br>            Defendants.                         )| |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration and disposition are Plaintiff Kvaerner U.S. Inc.'s ("Kvaerner") MOTION TO DISMISS EXCESS INSURERS' COUNTERCLAIM (*Document No. 9),* the MOTION TO DISMISS OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS BY THIRD-PARTY DEFENDANT BRADLEY ARANT ROSE & WHITE LLP *(Document No. 11)* and Lexington Insurance Company's MOTION TO DISMISS EXCESS INSURERS' THIRD PARTY CLAIMS *(Document No. 14).* The issues have been thoroughly

briefed and are ripe for disposition. After considering the filings of the parties and the relevant legal authorities, all three motions will be denied.

Factual and Procedural Background

This is an insurance coverage dispute. In 1999, Kvaerner entered into a contract with IPSCO Steel (Alabama) Inc. ("IPSCO") to provide project management services for construction of a steel mill in Alabama at a guaranteed maximum price. The project was a disaster. One contractor, Blaine Construction Corporation ("Blaine"), abandoned the job, and there were significant cost overruns. The inevitable lawsuits followed. IPSCO and Kvaerner sued Blaine in Pennsylvania seeking over $30 million in damages. IPSCO sued Kvaerner in Alabama seeking over $70 million in damages for exceeding the guaranteed maximum price (the "Alabama Litigation"). Kvaerner hired Bradley Arant Rose & White, LLP ("Bradley Arant") as legal counsel to defend the Alabama Litigation.

The remaining parties to the instant lawsuit are insurance companies. Liberty International Canada ("Liberty") provided a project-specific professional insurance policy to Blaine and Kvaerner with a $20 million limit. Lexington Insurance Company ("Lexington") provided a professional insurance policy to Kvaerner with a $25 million limit. Lexington's policy functioned as a first layer of excess insurance due to the existence of Liberty's project-specific policy. The "Excess Insurers"[1] provided another $25 million layer of excess coverage,

---

[1] The term "Excess Insurers" refers to the eight companies named by Kvaerner as direct defendants. The Court recognizes that Lexington defines the term "Excess Insurers" to omit Gerling-Konzern Allgemeine Versicherungs-AG and Chubb Insurance Company of Europe, and the Court adopts Lexington's definition where necessary in this opinion.

the First Layer Excess Policy.

Kvaerner alleges that as a result of settlement payments and defense costs in the Pennsylvania and Alabama Lawsuits, the limits on the Liberty and Lexington insurance have been exhausted. In this lawsuit, Kvaerner seeks to have the Excess Insurers pay the additional costs incurred for defense and indemnity in the Alabama Litigation. Kvaerner alleges breach of contract, bad faith, and interference with payment of defense costs under the Lexington policy.

The Excess Insurers have filed a counterclaim against Kvaerner. They seek a declaration of their rights and obligations under the First Layer Excess Policy and allege a breach by Kvaerner of a duty of good faith and fair dealing (i.e., bad faith by the insured). The Excess Insurers allege, among other things, that Kvaerner entered into a collusive settlement with IPSCO, failed to properly notify the Excess Insurers of the scope of the claims, failed to properly manage litigation costs incurred by Bradley Arant, and wrongfully demanded excess insurance coverage even though the Lexington policy had not been exhausted. Kvaerner has filed a motion to dismiss the counterclaim.

The Excess Insurers have also filed a Third Party Complaint (Document No. 6) against Liberty, Lexington and Bradley Arant. The Excess Insurers seek equitable contribution and indemnification from Lexington.[2] As to Bradley Arant, the Excess Insurers assert claims for contribution and unjust enrichment/disgorgement. Lexington and Bradley Arant have filed separate motions to dismiss.

---

[2]Because Lexington was named as a co-defendant, even though it subsequently was dismissed with prejudice, the claims may technically be cross-claims. *See* Fed. R. Civ. P. 13(g). The label is non-substantive and will be disregarded.

Standard of Review

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6).[3]  If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and the parties shall be given notice and a reasonable opportunity to present all pertinent material.  The parties have presented extrinsic evidence but no party has made an explicit request to convert the instant motions to summary judgment motions.  The Court will not consider the evidence outside the pleadings and will evaluate the motions under the standards governing Rule 12(b)(6).

When considering a motion to dismiss, the court accepts as true all well pleaded allegations of fact. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994).  In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff.  The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2); *see also Conley*, 355 U.S. at 47. This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of

---

[3]Bradley Arant seeks, as an alternative, judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) is duplicative of Rule 12(b)(6) in this case and governed by the same legal standard. Moreover, a motion under Rule 12(c) is premature if made before an answer is filed.  *See Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383 (D. Kan. 1995). Accordingly, the Rule 12(c) motion will be denied and the Court will address only the motion to dismiss pursuant to Rule 12(b)(6).

unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). Claims lacking merit may be dealt with through summary judgment pursuant to Rule 56. *Id.* If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

Kvaerner's Motion to Strike Excess Insurers' Counterclaim

Kvaerner contends that the Excess Insurers' Counterclaim should be dismissed on two narrow grounds. First, Kvaerner argues that insureds, unlike insurers, have no duty of good faith and fair dealing pursuant to a contract of insurance.[4] Second, Kvaerner asserts that the Excess Insurers' request for declaratory judgment should be dismissed because it is duplicative of their affirmative defenses. Neither of Kvaerner's arguments is persuasive.

The majority rule in Pennsylvania is that **all** contracts impose an implied duty of good faith and fair dealing on each party. *Creeger Brick & Supply, Inc. v. Mid-State Bank & Trust Co.*, 560 A.2d 151, 153-54 (Pa. Super. 1989) (adopting Restatement (Second) of Contracts § 205). As Kvaerner grudgingly concedes in a footnote, numerous district court cases have specifically held that insurers may sue insureds for a breach of their duty of good faith. *See* Kvaerner's Brief in Support of Motion to Dismiss at 8 n.2 (and cases cited therein). In *Greater New York Mut. Ins. Co. v. North River Ins. Co.*, 872 F. Supp. 1403, 1408 (E.D. Pa. 1995), *aff'd on other grounds* 85 F.3d 1088 (3d Cir. 1996), the Court predicted that Pennsylvania would

---

[4]Kvaerner also tries to construe the Excess Insurers' bad faith claim as arising under tort. The Excess Insurers have clearly disavowed any tort claim and explained that they are asserting only a contract claim. *See* Memorandum of Law in Opposition to Motion to Dismiss at 8. Kvaerner will be able to challenge the measure of damages at an appropriate time.

apply a duty of good faith and commented that it could find "no cogent reason why such an implied contractual duty should not be reciprocal." This Court agrees. If the Court were to accept Kvaerner's argument, it would give insureds impugnity to act in bad faith toward their insurers. There is no legal support for such an unwise and unsound proposition.

Kvaerner's effort to dismiss the declaratory judgment count fares no better. The only case cited by Kvaerner, *Smith v. Weaver*, 665 A.2d 1215, 1222 (Pa. Super. 1995), is distinguishable because it interpreted the Pennsylvania declaratory judgment rules and involved a declaratory judgment count that was dependent upon substantive counts filed *by the same party*. As the Excess Insurers properly point out, the dismissal of Kvaerner's claims is not precisely equivalent to the entry of the declaratory judgment they seek. *Iron Mountain Security Storage Corp. v. American Specialty Foods*, 457 F. Supp. 1158, 1161-62 (E.D. Pa. 1978). Moreover, the declaratory judgment count gives the Excess Insurers the ability to have the Court rule on these issues if, for example, Kvaerner were to voluntarily dismiss its claim. Kvaerner's motion to dismiss the Excess Insurers' Counterclaim will be denied.

Bradley Arant's Motion to Dismiss Third-Party Claim

Bradley Arant contends that the claims against it are governed by Alabama law, that the only possible action against a legal provider falls under the Alabama Legal Services Liability Act ("ALSLA"), Alabama Code §§ 6-5-570 et seq., and that any claim under the ALSLA must fail because the law firm owed no duty to the Excess Insurers. Bradley Arant further contends that the Excess Insurers have failed to state a claim for contribution or unjust enrichment. Bradley Arant does not address its personal jurisdiction defense in this motion.

The Excess Insurers contend that there are significant questions concerning which state's law should be applied that dismissal at this stage is improper. Alternatively, they argue that even if Alabama law governs this dispute, that Alabama recognizes a "tripartite relationship" between the insured, the attorney and the insurer, such that Bradley Arant does owe a duty to the Excess Insurers. Further, the Excess Insurers contend that they may have other, unspecified, common law claims against Bradley Arant and that they have stated cognizable claims for contribution or common law indemnification and unjust enrichment. While Bradley Arant has raised significant and well-reasoned arguments, the Court concludes that the motion to dismiss will be denied because further factual development is necessary to crystallize the legal issues.

A federal court applies the choice of law rules of the state in which it sits. *St. Paul Fire and Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 n.3 (3d Cir. 1991). The parties contend that Pennsylvania's choice of law rules contemplate a flexible "interests analysis" based on the factors set forth in the Restatement (Second) of Conflicts of Law §§ 145 (torts), 188 (contracts). However, after the parties' briefs were filed, in *Regents of Mercersburg College v. Republic Franklin Ins. Co.*, 458 F.3d 159 (3d Cir. 2006), the Third Circuit concluded that under Pennsylvania's choice of law rules, the law of the state in which the insurance contract was made would govern. *Accord J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360-61 (3d Cir. 2004). A contract is "made" in the state "in which the last act legally necessary to bring the contract into force takes place." *Id.* In *Regents of Mercersburg College*, the Third Circuit applied the "state where made" test even though it recognized "that another line of Pennsylvania cases holds that choice of law in an insurance contract is to be determined by looking to the law of the state with the most significant relationship with the contract." 458 F.3d at 163 n.4.

7

Although the allegations in the Third-Party Complaint seem to indicate that Alabama has the most significant relationship, *see Hoiles v. Alioto*, 2006 WL 2536599 (10th Cir. 2006) (state where attorney was licensed, rather than state where client was located, governed dispute), at this stage the Court must resolve all disputes in the light most favorable to the non-moving party. The parties dispute such basic facts as whether Kvaerner is a Pennsylvania corporation and whether Bradley Arant participated in the Pennsylvania Litigation. Under *Regents of Mercersburg College*, the law of Norway or England may govern, in that the Lexington and Excess policies were negotiated in England and issued to Kvaerner ASA, a Norwegian corporation. *See* Excess Insurers' Memorandum in Opposition to Kvaerner's Motion to Dismiss Counterclaim at 8 n.2; *see also* Excess Insurers' Memorandum in Opposition to Lexington's Motion to Dismiss (noting other states with potential interests). The parties have not briefed the outcome under each potentially applicable governing law so the Court is unable to determine whether a true conflict of law exists. Discovery will enable the Court to evaluate the "choice of law" factors based on a more-developed factual record. *See General Accident Ins. Co. v. Fidelity & Deposit Co.*, 598 F. Supp. 1223, 1229-30 (E.D. Pa. 1984) (denying motion to dismiss where record was insufficient to resolve choice of law).

Similarly, the Court is unable to determine the scope of Bradley Arant's duty, if any, to the Excess Insurers based on the pleadings. Even if Alabama law applies, the record is insufficient to determine conclusively whether or not Bradley Arant owes a duty to the Excess Insurers. Bradley Arant points out in its Reply Brief that the allegations in the Third Party Complaint do not adequately describe the relationship between Bradley Arant and the Excess Insurers. There appear to be numerous disputes among the parties regarding the extent of notice

and opportunity to participate afforded to the Excess Insurers. Further factual development will enable the Court to make a more informed decision about whether the "tripartite relationship" applies under the facts of this case. In summary, Bradley Arant's motion to dismiss will be denied. Bradley Arant will have the opportunity to renew its arguments based on a more complete evidentiary record at the summary judgment stage.

Lexington's Motion to Dismiss Excess Insurers' Claims

Lexington contends that the Excess Insurers' cross-claims for equitable contribution and indemnification should be dismissed. Lexington argues that under Pennsylvania law, a primary insurer has no duty to excess insurers. *Puritan Ins. Co. v. Canadian Universal Ins. Co.*, 775 F.2d 76, 82 (3d Cir. 1985). Lexington asserts that a subrogation claim is barred because it has paid the limits of its policy and has no obligation to make any further payment, and that in any event, Kvaerner has settled and released all claims against it. Lexington further contends that an indemnification claim does not ripen under Pennsylvania law until a liability has actually been discharged by paying money to a third party.

The Excess Insurers contend that Lexington has erred by simply assuming that Pennsylvania law governs and assert that discovery is needed to properly apply Pennsylvania's choice of law rules. In addition, the Excess Insurers contend that Pennsylvania does recognize that primary insurers owe a duty to excess insurers. *United States Fire Ins. Co. v. American Nat'l Fire Ins. Co.*, 53 Pa. D&C4th 474 (Pa. Comm. Pleas 2001). The Excess Insurers appear to seek declaratory relief as to their indemnification claim in the event Kvaerner prevails in its claim against the Excess Insurers.

The Court will deny Lexington's motion to dismiss. The conflict of law analysis cannot be resolved at this stage of the case. As noted above, the Third Circuit in *Regents of Mercersburg College* has stated that Pennsylvania will apply a "place contract was made" test to determine governing law. Although Lexington disputes the application of Norwegian law, it does so by reference to evidence outside the pleadings and applies the "significant relationship" test. Moreover, Lexington concedes that it is unclear whether Pennsylvania or Alabama law applies. *See* Lexington's Reply Brief at 1-2. The Court is not able to determine, as a matter of law, that the choice of law will not influence the viability of the Excess Insurers' claims.[5] Lexington will have an opportunity to renew its arguments, based on a more fully developed record, at the summary judgment stage.

An appropriate order follows.

McVerry, J.

---

[5] In the event that Pennsylvania law will govern, both parties misstate the Court's task in determining whether Pennsylvania recognizes a duty by a primary insurer to an excess insurer. This Court is not bound by the Third Circuit's prediction in *Puritan*, as Lexington contends, nor is it free to simply adopt the later decision of the Court of Common Pleas of Philadelphia County in *United States Fire Ins. Co.*, as the Excess Insurers advocate. Instead, this Court may consider subsequent developments in Pennsylvania law to determine whether the Third Circuit's prediction of state law in *Puritan* remains correct. *See In re Swinton*, 287 B.R. 634, 636-37 (W.D. Pa. 2003).

The Court will deny Lexington's motion to dismiss. The conflict of law analysis cannot be resolved at this stage of the case. As noted above, the Third Circuit in *Regents of Mercersburg College* has stated that Pennsylvania will apply a "place contract was made" test to determine governing law. Although Lexington disputes the application of Norwegian law, it does so by reference to evidence outside the pleadings and applies the "significant relationship" test. Moreover, Lexington concedes that it is unclear whether Pennsylvania or Alabama law applies. *See* Lexington's Reply Brief at 1-2. The Court is not able to determine, as a matter of law, that the choice of law will not influence the viability of the Excess Insurers' claims.[5] Lexington will have an opportunity to renew its arguments, based on a more fully developed record, at the summary judgment stage.

An appropriate order follows.

McVerry, J.

---

[5] In the event that Pennsylvania law will govern, both parties misstate the Court's task in determining whether Pennsylvania recognizes a duty by a primary insurer to an excess insurer. This Court is not bound by the Third Circuit's prediction in *Puritan*, as Lexington contends, nor is it free to simply adopt the later decision of the Court of Common Pleas of Philadelphia County in *United States Fire Ins. Co.*, as the Excess Insurers advocate. Instead, this Court may consider subsequent developments in Pennsylvania law to determine whether the Third Circuit's prediction of state law in *Puritan* remains correct. *See In re Swinton*, 287 B.R. 634, 636-37 (W.D. Pa. 2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KVAERNER U.S. INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-403 |
| v. | ) | |
| | ) | |
| **KEMPER ENVIRONMENTAL LIMITED, CONTINENTAL CASUALTY COMPANY, SR INTERNATIONAL BUSINESS INSURANCE COMPANY, LTD, XL EUROPE INSURANCE, XL INSURANCE COMPANY LTD,INTERNATIONAL INSURANCE COMPANY OF HANNOVER LIMITED, GERLING-KONZERN ALLGEMEINE VERSICHERUNGS-AG, CHUBB INSURANCE COMANY OF EUROPE, LEXINGTON INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |
| v. | ) | |
| | ) | |
| **LIBERTY INTERNATIONAL CANADA, LEXINGTON INSURANCE COMPANY, and BRADLEY ARANT ROSE & WHITE, LLP,** | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF COURT

AND NOW, this 26th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Kvaerner U.S. Inc.'s ("Kvaerner") MOTION TO DISMISS EXCESS INSURERS' COUNTERCLAIM (*Document No. 9),* is **DENIED**; the MOTION TO DISMISS OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS BY THIRD-PARTY DEFENDANT BRADLEY ARANT ROSE & WHITE LLP *(Document No. 11),* is **DENIED**; and Lexington Insurance Company's

MOTION TO DISMISS EXCESS INSURERS' THIRD PARTY CLAIMS *(Document No. 14)* is

**DENIED**.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   Joseph L. Luciana, III, Esquire
      Email: klngeservice@klng.com
      Michael J. Zukowski, Esquire
      Email: mzukowski@klng.com

DEFENDANT
GERLING-KONZERN ALLGEMEINE VERSICHERUNGS-AG


DEFENDANT
CHUBB INSURANCE COMANY OF EUROPE


DEFENDANT
LEXINGTON INSURANCE COMPANY
      Kenneth Scott, Esquire
      Email: kenneth.scott@wilsonelser.com

REMAINING DEFENDANTS
      Francis X. McTiernan, Jr., Esquire
      Email: Fmctiernan@waymanlaw.com
      Christopher R. Carroll, Esquire
      Email: ccarroll@cmk.com
      James W. Gunson, Esquire
      Email: jgunson@cmk.com

ThirdParty Defendant
BRADLEY ARANT ROSE & WHITE, LLP
      Wendy West Feinstein, Esquire
      Email: wfeinstein@eckertseamans.com

ThirdParty Defendant
LIBERTY INTERNATIONAL CANADA